IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.

**LAUREN CARSON and VERONICA SMITH**

      Plaintiffs,

v.

**CENTURA HEALTH-LONGMONT UNITED HOSPITAL, D/B/A LONGMONT UNITED HOSPITAL,**

      Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiffs Lauren Carson and Veronica Smith, by and through undersigned counsel, file this Complaint against Centura Health-Longmont United Hospital d/b/a Longmont United Hospital (herein "LUH" or Defendant"). Plaintiffs' claims involve common questions of law and fact.

### I. NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964 to restrain the unlawful payment of wages to an employee of one sex at rates less than the rates paid to an employee of the opposite sex, to collect back wages due to Plaintiffs Carson and Smith as a result of such unlawful payments, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Plaintiffs. As alleged with greater particularly below, Defendant Centura Health discriminated against Plaintiffs, Patient Transport Aides employed by Defendant, by engaging in unlawful compensation discrimination during which

Plaintiffs were paid lower wages and/or compensation than their male counterparts for performing substantially equal work under the same working conditions.

## II.   JURISDICTION AND VENUE

1. Plaintiffs allege violation of rights under the Equal Pay Act of 1963, as amended, and Title VII of the Civil Rights Act of 1964, as amended. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3) and (4), which grant original jurisdiction to the Federal District Court in actions which arise under federal civil rights laws.

2. Venue is proper pursuant to 28 U.S.C. §1391(b) because Defendant is authorized to do business and does business in the District of Colorado and is therefore subject to personal jurisdiction.

## III.   ADMINISTRATIVE PREREQUISITES

3. Ms. Carson filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant (Charge No. 32A-2020-00244) on or around January 16, 2020 alleging discrimination on the basis of sex.

4. Ms. Smith filed a Charge of Discrimination with the EEOC against Defendant (Charge No. 32A-2020-00286) on or around January 31, 2020 alleging discrimination on the basis of sex.

5. The EEOC issued a "Notice of Right to Sue" for Ms. Carson on May 25, 2021.

6. The EEOC issued a "Notice of Right to Sue" for Ms. Smith on June 30, 2021.

7. This action has been timely commenced within ninety (90) days of Plaintiffs' receipt of their respective "Notice of Right to Sue."

8. Plaintiffs have complied with all jurisdictional, administrative, and judicial prerequisites prior to filing this action.

### IV.   PARTIES

9. Ms. Carson is a resident of and domiciled in the State of Colorado.

10. Ms. Smith is a resident of and domiciled in the State of Colorado.

11. Defendant is a non-profit corporation that is authorized to do business in Colorado.

12. At all relevant times. Defendant has continuously been an employer engaged in industry affecting commerce within the meanings of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. Section 2000e (b), (g), and (h).

### V.   FACTUAL ALLEGATIONS

13. Longmont United Hospital is a hospital located in Boulder County run by Centura Health, the largest healthcare provider in the region.

**Plaintiff Carson Job and Pay History**

14. Plaintiff Carson began employment with Longmont United Hospital on August 3, 2015, prior to Longmont United Hospital being acquired by Centura Health, as an Imaging Technician Assistant.

15. Ms. Carson's starting hourly rate at Longmont United Hospital was around $13.14, inclusive of a Pro Re Nata ("PRN") differential.

16. In or around June 2016, Centura Health bought Longmont United Hospital.

17. At this time, Ms. Carson's job title was changed from Imaging Technician Assistant to Patient Transport Aide.

18. In June 2016, Ms. Carson's hourly rate was $13.27. *Plaintiffs' Exhibit 1*.

19. On September 24, 2017, Human Resources of Defendant informed Ms. Carson that she would be receiving a cost-of-living adjustment. Upon information and belief, this raised Ms. Carson's hourly rate to $14.24 as of October 22, 2017.

20. Ms. Carson resigned from employment with Defendant on December 23, 2019.

**Plaintiff Smith Job and Pay History**

21. Plaintiff Smith started employment with Defendant on October 9, 2017 as a part time Patient Transport Aide.

22. Ms. Smith was hired on at an hourly rate of $12.75 with a PRN of $1.27.

23. In 2018, Ms. Smith received a raise to a $13.14 hourly rate and continued to receive a $1.27 PRN differential.

24. On or around July 14, 2019, Ms. Smith became a full time Patient Transport Aide. She continued to make $13.14 an hour but no longer received the PRN differential.

25. In October 2019, Ms. Smith received a raise which increased her hourly rate to $14.45.

26. Ms. Smith was laid off from Defendant on November 6, 2020.

**Pay Disparity with Male Patient Transport Aides**

27. Pat Mullins, a white man, was the supervisor of Patient Transport Aides until around the summer of 2018.

28. Mr. Mullins told employees, including Ms. Carson, that female employees were less capable than male employees.

29. The average starting hourly wage for male Patient Transport Aides was $14.15. *Plaintiffs' Exhibit 2.*

30. The average starting hourly wage for female Patient Transport Aides was $13.81. *Plaintiffs' Exhibit 2*.

31. The average hourly wage for male Patient Transport Aides either at the end of their employment or as of March 2020 was $17.34. *Plaintiffs' Exhibit 2*.

32. The average hourly wage for female Patient Transport Aides either at the end of their employment or their wage as of March 2020 was $14.70. *Plaintiffs' Exhibit 2*.

33. As of March 2020, male Patient Transport Aides were paid on average $2.64 more per hour than the average hourly wage of female Patient Transport Aides.

34. A $2.64 pay disparity between men and women is significant for lower wage workers. The wage disparity may be even bigger based on more data.

35. Patient Transport Aides are required to have a high school diploma or equivalent degree. *Plaintiffs' Exhibit 3*.

36. Patient Transport Aides are expected to have the following work experience:

    a. Previous experience as a nurse assistant preferred.

    b. Good people skills and organizational skills.

    c. Must be physically able to lift and/or transport heavy items and objects.

    d. Ability to understand English and follow directs.

    *Plaintiff's Exhibit 3*.

37. The only license or certification required of Patient Transport Aides is a current Basic Life Support ("BLS") certified by the American Heart Association. *Plaintiffs' Exhibit 3*.

38. The listed job duties of female and male Patient Transport Aides are the same. Patient Transport Aides assist staff by performing tasks related to the transport of patients and indirect

patient care and provide an effective method for the delivery of necessary supplies and items for continuous patient care.

39.     Sex is not a bona fide occupational qualification for the position of Transport Aide.

## FIRST CLAIM FOR RELIEF
### Violation Of The Equal Pay Act, 29 USC 206(d)(1) and 215(a)(2)

40.     Plaintiffs hereby incorporate by reference all previous paragraphs as though fully set forth herein.

41.     Since at least August 3, 2015, Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying female Patient Transport Aides wages at a rate less than the rate at which it pays male Patient Transport Aides.

42.     At all relevant times, female Patient Transport Aides have performed work that was and is substantially equal to that of male Patient Transport Aides considering the skills, effort, and responsibilities of the job.

43.     At all relevant times, female Patient Transport Aides have worked under conditions similar to male Patient Transport Aides.

44.     At all relevant times, Defendant has paid female Patient Transport Aides at lower rates than male Patient Transport Aides.

45.     As a result of the acts complained of above, Defendant has unlawfully withheld and is continuing to withhold the payment of wages due to Plaintiffs Carson and Smith.

46.     The unlawful practices complained of above were and are willful.

## SECOND CLAIM FOR RELIEF
### Sex Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964 by Defendant

47. Plaintiffs hereby incorporate by reference all previous paragraphs as though fully set forth herein.

48. Since at least August 3, 2015, Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. s. 2000e-2(a) by discriminating against female Patient Transport Aides with respect to their compensation because of their sex (female).

49. Female Patient Transport Aides occupy jobs similar to those of higher paid male Patient Transport Aides.

50. The effects of the practices complained of above has been to deprive Plaintiffs Smith and Carson, and other female Patient Transport Aides of equal employment opportunities and otherwise adversely affect their employment status because of their sex, female.

51. The unlawful employment practices complained of above were and are being done with malice or with reckless indifference to the federally protected rights of Carson and Smith.

   WHEREFORE, for the reasons stated above, Plaintiff respectfully requests that this Honorable Court enter a judgement for the Plaintiff as follows:

   a. An award of actual damages in amount to be determined at trial, including lost wages, and

   b. An award of exemplary or punitive damages;

   c. An award of liquidated damages;

   d. An award of reasonable attorneys' fees and costs;

   e. An award of Plaintiffs' pre- and post-judgment interest; and

  f. Ordering such and further relief as this Court deems just and proper.

<strong>PLAINTIFFS DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.</strong>

Respectfully submitted this 20th day of August 2021.

                 */s/ Michelle R. Gibson*
                 Michelle R. Gibson
                 Rachel E. Ellis Livelihood Law, LLC
                 3401 Quebec Street, Suite 6009
                 Denver, CO 80207
                 Telephone: 720-465-6972
                 Email: mrg@livelihoodlaw.com
                     ree@livelihoodlaw.com